PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ELOY RIVERA, Defendant and Appellant.

No. 3267. Argued November 28, 1927.—Decided November 30, 1927.

*Dubón & Ochoteco* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Eloy Rivera was convicted and fined fifty dollars by the District Court of San Juan on the 3rd of May, 1927, for the violation of section 25 of title II of the National Prohibition Act. He appealed and the transcript of the record, which does not contain the evidence introduced, was filed in this Supreme Court on the 13th of the following June. The hearing on the appeal was set for the 26th of July and the appellant having failed to appear either in person or by brief, the appeal was dismissed and the judgment made final.

Then on the 1st of August the appellant moved that this court set aside the dismissal and hear and decide the case on its merits for the reason that his lack of diligence had been due to the fact that being represented by two attorneys

and the notice of the filing of the record having been served on the attorney who was not really in charge of the preparation of the brief, the one charged with that duty had failed to do so in time. It is also alleged in the motion that a fundamental error is involved in the appeal, making reference to the brief filed also after the dismissal of the appeal.

The cause adduced is not sufficient. The notice of the appeal is signed by Dubón & Ochoteco, a partnership of lawyers, and the notice was addressed to that partnership. It is the duty of counsel for the appellant to inform themselves of the filing and prosecution of appeals taken by them in the names of their clients. The practice of giving notice of all proceedings in this Supreme Court has been followed for the benefit of counsel, but it is not required by law.

However, in accordance with the established custom of doing everything possible for ascertaining the merits of criminal appeals, we might be inclined to sustain the motion if convinced that any substantial right of the defendant had been clearly violated.

The only question raised in the brief is that the information does not charge an act constituting the offense for which the defendant had been sentenced because it does not aver that the drinks manufactured by him and found in his possession were intoxicating and fit for drinking, citing McFadden on Prohibition, p. 526, and *People* v. *Muñoz,* 35 P.R.R. 331.

This was not an information presented by a district attorney, but a complaint made by a policeman. It is said therein that the defendant ". . . . had in his possession as owner an apparatus or still that is used and was being used there and then for the manufacture of rum clandestinely, he being surprised in the act of working the said apparatus with which he had already distilled about three liters of rum . . ." In our judgment and under the circumstances, this is sufficient.

It is true that McFadden cites the case of *U. S.* v.

*Boasberg,* 283 Fed. 305, in which it was held that an information under the National Prohibition Act charging the possession of certain described liquors but not alleging that they were intoxicating did not state an offense, but it is also true that jurisprudence has held that ''Where the indictment names the particular kind of liquor sold, possessed, or manufactured, it must further allege that the same was intoxicating liquor, or spirituous liquor, or otherwise according to the statute, unless the article named is a liquor of the intoxicating properties of which the courts will take judicial notice.'' 33 C. J. 721, and cases cited. ''It has been laid down as a general proposition of law that it is not necessary to allege the intoxicating character of a liquor claimed to have been unlawfully sold, when it is a beverage whose intoxicating character will be judicially noticed, and that, on the other hand, if judicial notice will not be taken of the fact, it must be alleged, unless the beverage charged to have been sold either falls within the statutory enumeration of classes of drinks, or is specifically mentioned in the statute, either in declaring what is intoxicating liquor, or what specific drinks shall not be sold, this rule corresponding with the view generally taken relative to the necessity of proving the intoxicating quality of the liquor.'' 15 R.C.L. 386, and cases cited.

As it is alleged in the complaint that what the defendant manufactured and possessed was rum and it has been held that the courts will take judicial notice that rum is an intoxicating liquor (35 C. J. 497, and cases cited in note 81), it was not necessary to allege the intoxicating nature of the liquor manufactured and possessed by the defendant.

As regards the jurisprudence laid down by this court in *People* v. *Muñoz, supra,* the defendant is not at all favored thereby. On the contrary. The paragraph quoted from that opinion by the defendant in his brief reads as follows:

''In *United States* v. *Dowling,* the court said that the Amend-

ment did not authorize the Congress to so legislate as to denounce the bare intrastate possession of intoxicating liquors and that the words 'for beverage purposes' were as plain and as important as any other words of the Amendment, but that Congress did have the power to prohibit possession for the inhibited purposes. Said the court: 'The possession is unlawful unless it be coupled with the illegal "manufacturing," "sale," or "transportation" or "importation" or "exportation."' "

Here the element of manufacture is coupled with that of possession.

By virtue of the foregoing the motion of the defendant must be dismissed.